# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
## (NASHVILLE DIVISION)

**BRIAN HARPOLE,**                                  **JURY DEMAND**

      Plaintiff,

v.

**CANDACE OWENS,**
**CANDACE OWENS LLC,**
**GEORGETOM, INC., &**
**MITCHELL SNOW**

      Defendants.

_____/

## MOTION TO AUTHORIZE THE U.S. MARSHALS
## TO SERVE DEFENDANT MITCHELL SNOW

Plaintiff Brian Harpole files his Motion to Authorize the U.S. Marshals to Serve Defendant Mitchell Snow.

1. On May 1, 2026, Plaintiff's private process server attempted to serve Defendant Snow at his last known address in Pasco, Washington. *See* Exh. A (Affidavit of Non-Service). Since then, the process server has attempted to serve Snow multiple times, but has been unsuccessful. *Id.*

2. Defendant Snow is actively avoiding service or intentionally preventing the process server from serving him. *Id.* For example, on May 6, 2026, the process server placed a phone call to a number ending in 4498 and spoke with an individual who identified himself as Defendant Snow. *Id.* However, Snow refused to cooperate and hung

1

up immediately after he confirmed his identity. A few minutes later, the process server attempted to serve Snow at his address, but was unsuccessful, citing "a hostile environment" at Snow's residence. *Id.*

3. Snow's hostility is not surprising, as a criminal background check reveals that within the past ten years Snow has been: (1) found guilty of two counts of malicious mischief, a misdemeanor (Wash. Rev. Code. 9A.48.090) (Benton County Case No. 6Z0526512); (2) charged with violating a court order (Benton County Case No. J16Y06166); and (3) charged with harassment by threatening to kill, a felony (Wash. Rev. Code § 9A.46.020) (Benton County Case No. 23-1-00542-6).

4. Rule 4(c)(3) provides: "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). Local Rule 4.01(d)(2) further provides that, "[t]he United States Marshal will not serve a summons or other civil process unless required by these Rule, the Federal Rules of Civil Procedure, or order of the Court."

5. Given that Defendant Snow appears to be intentionally avoiding service of process and is creating "a hostile environment" which is actively preventing a private process server from reaching him, Plaintiff respectfully requests that this Court enter an order authorizing service of process by the U.S. Marshals. *See, e.g., Gams v. Westchester County Dept. of Probation*, 232 F.R.D. 202, 206 (S.D.N.Y. 2005) (authorizing U.S. Marshals

2

to serve a government defendant who threatened to prosecute a plaintiff for trying to serve him).

<strong><u>CONCLUSION</u></strong>

Plaintiff Harpole respectfully requests that this Court enter an order authorizing service of process on Defendant Snow by the U.S. Marshals.

Respectfully submitted,

Matthew Seth Sarelson, Esq.
Zachary Stoner, Esq.*
**DHILLON LAW GROUP INC.**
1601 Forum Place, Suite 202
West Palm Beach, Florida 33401
305.773.1952
msarelson@dhillonlaw.com

**THE SWAFFORD LAW FIRM, PLLC**
Tara L. Swafford BPR # 17577
Elizabeth G. Hart, BPR # 30070
321 Billingsly Court, Suite 19
Franklin, TN 37067
Telephone: (615) 599-8406
Facsimile: (615) 807-2355
tara@swaffordlawfirm.com
betsy@swaffordlawfirm.com

Jacob William Roth, Esq.*
**Contarino Roth LLC**
2255 Glades Road, Suite 324A
Boca Raton, FL 33431
561.872.6508
jroth@contarinoroth.com

3

Attorneys for Plaintiff Brian Harpole

*Pro hac vice to be filed*