UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRIAN HARPOLE,

    Plaintiff,

v.

CANDACE OWENS, et al.,

    Defendants.

Case No. 3:26-cv-00556

Chief Judge William L. Campbell, Jr.
Magistrate Judge Luke A. Evans

## MEMORANDUM ORDER

On May 14, 2026, Plaintiff Brian Harpole ("Harpole") filed a motion to authorize the United States Marshals Service to serve the summons and complaint on Defendant Mitchell Snow ("Snow") pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure. (Doc. No. 13.) Harpole requests assistance from the Marshals Service for two reasons. First, multiple attempts at service from a private process server have failed. Harpole attached to his motion papers a certificate from his process server indicating that the process server visited Snow's address in Pasco, Washington five times between May 1 and May 11, 2026 and received either no answer or a refusal to cooperate. (Doc. No. 13-1 at 1.) A telephone call between the process server and Snow also ended with a refusal to cooperate. (*Id.*) Second, Harpole believes that a law enforcement presence will be needed to complete service of process. According to the process server, the fourth attempt at personal service at Snow's address ended "due to a hostile environment." (*Id.*) The process server did not provide details of the hostile environment in his certificate, but Harpole has implied that

the hostility from Snow was consistent with a prior misdemeanor conviction for malicious mischief. (Doc. No. 13 at 2.)[1]

No opposition to Harpole's motion has been filed so far, and the Court does not anticipate that any response will be filed. Accordingly, the Court is proceeding with this order under Local Rule 7.01(b).

"At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). "Courts recognize that this rule gives the court discretion, at the plaintiff's request, to order that service be made by a United States Marshal, even when a plaintiff does not qualify to proceed in forma pauperis." *Cummings v. Keefer*, No. 3:22-CV-00301, 2022 WL 19403848, at *1 (M.D. Tenn. Sept. 30, 2022) (cleaned up). Plaintiffs are "expected first to seek service by private means whenever feasible rather than impose the burden on the Marshals Service." Fed. R. Civ. P. 4(c) adv. cmte. note to order adopting 1982 amendments, 93 F.R.D. 255, 262 (1981); *see also* Changes in Federal Summons Service Under Amended Rule 4 of The Federal Rules of Civil Procedure, adv. cmte. note, 96 F.R.D. 81, 127 (1983) (same). "If a law enforcement presence appears to be necessary or advisable to keep the peace, the court should appoint a marshal or deputy or other official person to make the service." Fed. R. Civ. P. 4(c) adv. cmte. note to 1993 amendments. While discretionary service under Rule 4(c)(3) "is typically for situations involving hostile defendants, courts may allow its use in other circumstances." 4A Wright & Miller's Federal Practice and Procedure § 1090 (4th ed. and 2026 Westlaw Supp.).

---

[1] Harpole also has asserted that Snow was charged twice in the last 10 years with violating an unspecified court order and with felony harassment. (Doc. No. 13 at 2.) The Court is disregarding these assertions because Harpole has provided no information about the disposition of the charges.

For the reasons stated herein, the Court finds that a law enforcement presence appears to be necessary to keep the peace and to complete service of process. Therefore, Harpole's motion (Doc. No. 13) is GRANTED. Harpole will furnish the Clerk of the Court with a service packet that consists of 1) an alias summons for Snow under Rule 4(b); 2) a copy of the complaint and the notice of initial case management conference (Doc. No. 6); 3) a UMS-285 Process Receipt and Return form plus any payment that the Marshals Service might require in advance; and 4) a copy of this order. The Clerk of the Court will deliver the completed service packet to the Marshals Service. Upon receipt of a completed service packet, the United States Marshals Service is DIRECTED to effect service of process on Snow in person.

It is so ORDERED.

_____
LUKE A. EVANS
United States Magistrate Judge

3