IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIAN HARPOLE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CANDACE OWENS, *et al.*,<br><br>　　　　Defendants. | Case No. 3:26-cv-00556<br><br>Judge N/A<br>Magistrate Judge N/A<br><br>JURY DEMAND |

**PLAINTIFF'S VERIFIED MOTION FOR EXTENSION OF TIME
TO SERVE DEFENDANT MITCHELL SNOW**

Pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 7.01, Plaintiff Brian

Harpole files his verified motion for extension of time to serve Defendant Mitchell Snow.

**BACKGROUND**

1.　　The Complaint was filed on April 30, 2026; thus, under Rule 4(m), the deadline

to serve Snow is July 29, 2026.

2.　　Prior to filing his complaint, Plaintiff conducted multiple background searches

to locate Snow's last known address. Plaintiff's searches concluded that Snow currently

resided at 9315 Welsh Dr., Pasco, WA 99301. *See* Exh. A (Declaration of Matthew Sarelson).

3.　　Since filing this lawsuit, Plaintiff has diligently attempted to serve Snow. *Id.*

Specifically, Plaintiff retained a private process server who attempted to serve Snow at his

last known address multiple times from May 1, 2026, through May 11, 2026. The process

server was ultimately unsuccessful due to a "hostile environment" at Snow's home. *See id.*;

D.E. 13-1.

4. Considering the hostile environment, Plaintiff filed a motion requesting that this Court authorize that service be completed by the U.S. Marshals, and this Court granted the motion. *See* D.E. 13, D.E. 14. The U.S. Marshals made a single attempt to serve Snow at his last known address on June 25, 2026, but were unable to do so. *See* D.E. 22.

5. Plaintiff knows that 9315 Welsh Dr., Pasco, WA 99301 is the correct address because a skip trace conducted by Plaintiff's process server confirmed it as Snow's current residence. *See* Exh. A. Snow also made a post to his X (formerly Twitter) account confirming his house was visited by the U.S. Marshals. *Id.*

6. After the U.S. Marshals were unable to serve Snow, Plaintiff contacted the Franklin County, Washington Sheriff's Office to effectuate service. The Sheriff visited Snow's home on July 15, 2026, but was unable to serve him. The Sheriff advised that they would attempt to serve him a second time.

7. Plaintiff has also attempted to communicate with Snow via email and sent copies of motions to Snow at his last known (but unconfirmed) email address: demossmitch@gmail.com. Snow has yet to respond to any correspondence. *Id.*

8. Despite his good-faith and diligent efforts, Plaintiff has been unable to complete service within the time allowed by Rule 4(m) because Snow is evading service.

**MEMORANDUM OF LAW**

Rule 4 provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Under the Rule, if a party demonstrates good cause

2

then the district court must extend the deadline to serve the party. *Id.*; *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022). But if the moving party fails to establish good cause, then the district court "retains discretion as to whether or not to enlarge that timeframe." *Oakland Physicians Med. Ctr., LLC*, 44 F.4th at 568. The Sixth Circuit utilizes a two-part test which tracks this analysis. First, the district court determines if the "plaintiff has shown good cause for failure to serve." *Out in the Woods, LLC v. Kaufhold*, No. 3:23-cv-208-JRG-DCP, 2023 WL 12113335, at *3 (E.D. Tenn. Sept. 15, 2023). If the Plaintiff has proven good cause, then the district court must grant the extension. *Id.* But, if the plaintiff has failed to establish good cause, "then the court may either dismiss the action without prejudice or order that service be completed." *Id.*

Good cause "necessitates a demonstration of why service was not made within the time constraints." *Habib v. Gen. Motors. Corp.*, 15 F.3d 72, 73 (6th Cir. 1994). "To carry this burden, the plaintiff must offer an explanation equivalent to 'at least as much as would be required to show excusable neglect,' though simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Tanksley v. Tenn. Valley Auth.*, No. 1:16-CV-487-TAV-SKL, 2017 WL 6391473, at *5 (E.D. Tenn. Dec. 14, 2017) (quoting *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992)). As explained in the Rule's committee notes, extension of the deadline to serve a party may be justified when "the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (citing *Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D. 104 (E.D. Mich. 1987)). Thus, under Rule 4, Diligent, good-faith efforts to effect service, and circumstances

3

outside the plaintiff's control—including a defendant's evasion of service—support a finding of good cause.

Here, an extension is warranted because Plaintiff has diligently and in good faith attempted to serve Snow. Since April 30, 2026, Plaintiff has unsuccessfully attempted to serve Snow at his house seven times –via two private process servers and the U.S. Marshals. Plaintiff's failure to serve Snow stems directly from his apparent evasion of service, which constitutes good cause for a mandatory extension under Rule 4(m). *Id.*; *Out in the Woods, LLC*, 2023 WL 12113335, at \*3 (finding plaintiff established good cause after unsuccessfully attempting to serve the defendant at two different addresses multiple times); *Raytheon Co. v. Ahtna Supp. & Training Servs., LLC*, No. 3:21-CV-239-RGJ, 2021 WL 3038888, at \*1–\*2 (W.D. Ky. July 19, 2021) (finding plaintiff made diligent efforts to serve defendant after "multiple unsuccessful attempts to serve [defendant] via a process sever"); *Searcy v. GUUAS, LLC*, No. 2:19-CV-3124, 2020 WL 1694987, at \*3 (S.D. Ohio Apr. 6, 2020) (holding plaintiff showed good cause warranting an extension to serve defendant because "she ha[d] been diligent in attempting to locate and serve [defendant]")

//

//

Accordingly, Plaintiff requests an additional thirty (30) days, up to and including August 28, 2026, within which to complete service on Snow. This is Plaintiff's first request to extend the service deadline. The Court has not previously granted any extension of the service deadline. This motion is made in good faith and not for purposes of delay, and no party will be prejudiced by the requested extension.

Respectfully submitted,

Matthew Seth Sarelson, Esq.
DHILLON LAW GROUP INC.
1601 Forum Place, Suite 202
West Palm Beach, Florida 33401
Tel: 305.773.1952
msarelson@dhillonlaw.com

THE SWAFFORD LAW FIRM, PLLC
Tara L. Swafford, BPR # 17577
Elizabeth G. Hart, BPR # 30070
321 Billingsly Court, Suite 19
Franklin, TN 37067
Tel: (615) 599-8406
Fax: (615) 807-2355
tara@swaffordlawfirm.com
betsy@swaffordlawfirm.com

Jacob William Roth, Esq.*
CONTARINO ROTH LLC
2255 Glades Road, Suite 324A
Boca Raton, FL 33431
Tel: 561.872.6508
jroth@contarinoroth.com

Attorneys for Plaintiff Brian Harpole
*Admitted pro hac vice

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2026, I filed the document via CM/ECF, which will serve the document on the Owens' Defendants' counsel via email. I further certify that on July 16, 2026, I mailed the filed version of this via Federal Express to Defendant Snow's last known address: 9315 Welsh Drive, Pasco, Washington, 99301 and last known but unconfirmed email address: demossmitch@gmail.com.

Matthew Seth Sarelson, Esq.