UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRIAN HARPOLE,
   Plaintiff,
v.
CANDACE OWENS,
CANDACE OWENS LLC,
GEORGETOM, INC., and
MITCHELL SNOW,
   Defendants.

**JURY DEMAND**
Civil Action No. 3:26-cv-00556
District Judge: Unassigned
Magistrate Judge: Unassigned

**DEFENDANT MITCHELL H. SNOW'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(2) AND 12(b)(6)**

Defendant Mitchell H. Snow, appearing pro se, respectfully moves to dismiss all claims asserted against him under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. In the alternative, Snow moves under Rule 12(b)(6) to dismiss Count IV (defamation), Count V (civil conspiracy), and any other claim expressly asserted against him for failure to state a claim upon which relief can be granted.

The Complaint alleges that Snow is a Washington resident, communicated by telephone with Candace Owens on or about December 8, 2025, and appeared remotely on one podcast episode on December 18, 2025. Those allegations do not plausibly establish that Snow purposefully directed suit-related conduct toward Tennessee or deliberately created a substantial connection with Tennessee. Personal jurisdiction must be established over each defendant independently, and the forum connection must arise from contacts created by that defendant. Carbone v. Kaal, 140 F.4th 805, 808-13 (6th Cir. 2025); Walden v. Fiore, 571 U.S. 277, 284-86, 289-90 (2014); Blessing v. Chandrasekhar, 988 F.3d 889, 904-07 (6th Cir. 2021).

The Complaint also fails to plead defendant-specific facts plausibly showing that Snow personally made or adopted the broader defamatory accusation alleged by Plaintiff, acted with the required fault, caused Plaintiff's claimed campaign-wide damages, or entered an agreement to

1

defame Plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Trau-Med of Am., Inc. v. Allstate Ins. Co., 71 S.W.3d 691, 703 (Tenn. 2002); Kincaid v. SouthTrust Bank, 221 S.W.3d 32, 38 (Tenn. Ct. App. 2006).

The Complaint repeatedly quotes and relies on the December 18, 2025 Episode 282 publication as a central basis for the claims against Snow. When a publication is referred to in the complaint and central to the claim, the Court may consider it at Rule 12(b)(6) without converting the motion to summary judgment when authenticity is not disputed. Bassett v. NCAA, 528 F.3d 426, 430 (6th Cir. 2008); Rondigo, LLC v. Twp. of Richmond, 641 F.3d 673, 681 (6th Cir. 2011). See also FedEx Ground Package Sys., Inc. v. Route Consultant, Inc., 97 F.4th 444, 453-55 (6th Cir. 2024).

Episode 282 materially narrows the meaning attributed to Snow in the Complaint. Snow expressly acknowledged the possibility of mistaken identity, described the physical and behavioral characteristics supporting his identification, and later stated that he did not know what would occur the following day. Owens likewise stated during the exchange that she could not confirm the identity and cautioned against unwarranted extrapolation. Those qualifications are part of the publication Plaintiff invokes and must be considered when determining the meaning reasonably conveyed by Snow's own words. See Revis v. McClean, 31 S.W.3d 250, 253 (Tenn. Ct. App. 2000); Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 516-17 (1991).

For purposes of Rule 12(b)(6) only, Snow accepts properly pleaded factual allegations solely as required to test their legal sufficiency. Snow does not concede that Plaintiff was absent from Fort Huachuca on September 9, 2025, does not concede that Snow's identification was false, and expressly preserves all defenses concerning truth, substantial truth, fault, causation, context, and the circumstances of his observation.

2

Neither branch of this Motion requires the Court to determine who was physically present at Fort Huachuca. The Rule 12(b)(2) issue is whether Snow himself created constitutionally sufficient suit-related contacts with Tennessee. The alternative Rule 12(b)(6) issue is whether the Complaint plausibly alleges actionable Snow-specific publication, fault, causation, and conspiracy. The ultimate truth of the disputed Arizona identification need not be adjudicated to decide those threshold issues.

Plaintiff's efforts to serve Snow in Washington and the completed service proceedings do not establish purposeful availment of Tennessee. Service of process concerns notice and the means by which a defendant is brought before the Court; specific personal jurisdiction must still arise from Snow's own suit-related contacts with Tennessee. See Carbone, 140 F.4th at 808-13; Walden, 571 U.S. at 284-86. Those collateral service proceedings do not create Tennessee contacts and need not be resolved to decide Rule 12(b)(2).

The accompanying Declaration is submitted solely in support of the Rule 12(b)(2) jurisdictional challenge. Snow does not rely on that Declaration to resolve the Rule 12(b)(6) motion. Exhibit A supplies selected timestamped excerpts from Episode 282 solely for comparison with the publication repeatedly quoted and relied upon in the Complaint; if any transcription discrepancy exists, the original audiovisual publication controls.

The grounds for this Motion are stated fully in the separately filed Memorandum of Law, which is incorporated by reference. See M.D. Tenn. L.R. 7.01(a)(2).

WHEREFORE, Snow respectfully requests that the Court:

1. Dismiss all claims against Snow without prejudice for lack of personal jurisdiction under Rule 12(b)(2). See Intera Corp. v. Henderson, 428 F.3d 605, 620-21 (6th Cir. 2005);

2. Alternatively, dismiss Count IV, Count V, and any other claim expressly asserted against Snow under Rule 12(b)(6), with prejudice only to the extent the Court determines that amendment would be futile;

3. If the Court concludes that jurisdictional discovery is necessary before deciding Rule 12(b)(2), limit such discovery to Snow's own alleged suit-related contacts with Tennessee and defer merits discovery concerning the ultimate truth of the Arizona identification until personal jurisdiction is resolved; and

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____

Mitchell H. Snow
Defendant, Pro Se
9315 Welsh Dr.
Pasco, WA 99301
Telephone: 509-412-4498
Email: Justice4Nate@PM.ME

**CERTIFICATE OF SERVICE**

I certify that on ___*10 AUGUST*___, 2026, I submitted the foregoing through the Court's Pro Se Electronic Filing Portal for docketing. Upon docketing, the Notice of Electronic Filing generated by CM/ECF constitutes service on registered Electronic Filing Users under M.D. Tenn. L.R. 5.02(a). Any person not served electronically will be served as required by Federal Rule of Civil Procedure 5 and M.D. Tenn. L.R. 5.01.

_____

Mitchell H. Snow

4

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

BRIAN HARPOLE,
  Plaintiff,

v.

CANDACE OWENS,
CANDACE OWENS LLC,
GEORGETOM, INC., and
MITCHELL SNOW,
  Defendants.

JURY DEMAND

Civil Action No. 3:26-cv-00556
District Judge: Unassigned
Magistrate Judge: Unassigned

## CERTIFICATE / PROOF OF SERVICE

### DEFENDANT MITCHELL H. SNOW'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B) (2) AND 12(B)(6)

I certify that on __10  AUGUST__, 2026, after the Clerk docketed the document identified below, the Court's CM/ECF system transmitted a Notice of Electronic Filing (NEF) to the registered counsel of record listed below. Receipt of the NEF constitutes electronic service under M.D. Tenn. L.R. 5.02(a) and Fed. R. Civ. P. 5(b)(2)(E).

**Document served:** Defendant Mitchell H. Snow's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2) and 12(b)(6)

**CM/ECF Document No. (if assigned):** _____

**Method of service:** CM/ECF Notice of Electronic Filing (electronic service)

**Date of service:** __10  AUGUST__, 2026

**Counsel served for Plaintiff Brian Harpole:**
  Tara L. Swafford - tara@swaffordlawfirm.com
  Elizabeth G. Hart - betsy@swaffordlawfirm.com
  Jacob W. Roth - jroth@contarinoroth.com
  Matthew Sarelson - msarelson@dhillonlaw.com

**Counsel served for Defendants Candace Owens, Candace Owens LLC, and GeorgeTom, Inc.:**
  Daniel A. Horwitz - daniel@horwitz.law
  Robert A. Peal - rpeal@simsfunk.com
  Megan Catherine Chambers - mchambers@simsfunk.com

I have not learned that the electronic service failed or that the NEF did not reach any counsel listed above.

_____

Mitchell H. Snow, Defendant Pro Se
9315 Welsh Dr.
Pasco, WA 99301
Telephone: 509-412-4498
Email: Justice4Nate@PM.ME