**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| BRIAN HARPOLE,<br>Plaintiff,<br><br>v.<br><br>CANDACE OWENS, CANDACE OWENS LLC,<br>GEORGETOM, INC., and MITCHELL SNOW,<br>Defendants. | Civil Action No. 3:26-cv-00556<br><br>District Judge: None<br>Magistrate Judge: None<br><br>JURY DEMAND |

**SUPPLEMENTAL DECLARATION OF MITCHELL H. SNOW IN SUPPORT OF RULE 12(b)(2) MOTION**

I, Mitchell H. Snow, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a Defendant in this action and have personal knowledge of the facts stated in this Supplemental Declaration.

2. I submit this Supplemental Declaration only to address factual assertions raised in Plaintiff's Opposition concerning my alleged relationship with Candace Owens, the alleged conspiracy, and the GiveSendGo fundraiser. I do not offer it to ask the Court to resolve disputed merits facts under Rule 12(b)(6).

3. Before Candace Owens discussed my circumstances on Episode 277 of her program on December 9, 2025, I had not watched episodes of her program.

4. At that time, I was unaware of any existing dispute, rivalry, threatened litigation, or other controversy between Candace Owens and Brian Harpole.

5. I have never met Candace Owens in person. Before my December 2025 communications with her organization, I had no personal or business relationship with her.

6. I have never met Brian Harpole in person and had no personal or business relationship or history with him before the events alleged in this action.

7. I did not seek contact with Candace Owens or her organization. My first contact with Ms. Owens occurred when she contacted me after a member of her audience had referred me as a person who might have information potentially useful to her interests. I did not initiate that contact.

8. I did not ask to appear on Ms. Owens's podcast or otherwise seek a media appearance from her. Ms. Owens or her organization asked me to participate in the later remote interview.

9. When I provided information to Ms. Owens and her staff, I was not attempting to join or assist any preexisting dispute involving Ms. Owens and Mr. Harpole because I was unaware that any such dispute existed.

10. I did not request that Candace Owens create a fundraiser for me before my December 18, 2025 appearance. The fundraiser was first announced on air after my substantive interview.

11. On December 19, 2025, the following day, I communicated in writing with Ms. Owens's organization that I could not accept the donations. I explained that accepting money connected to my appearance could make it appear that I was attempting to profit from telling my story.

12. I have never received any proceeds from the GiveSendGo fundraiser referenced by Plaintiff.

13. After this lawsuit was filed and legal representation became necessary, I asked GiveSendGo to remove the fundraiser from Ms. Owens's control so that funds raised in my name could be properly administered for their stated purpose.

14. By the time GiveSendGo was considering that request, the immediate opportunity to retain counsel in time for pending filing deadlines had effectively passed. I then asked that the donations be returned to donors where possible.

15. I further requested that any residual funds that could not be returned not be distributed for my personal benefit, but instead be redirected to another GiveSendGo fundraiser.

16. Nothing in this Supplemental Declaration is intended to ask the Court to decide whether Mr. Harpole was physically present at Fort Huachuca or to resolve the ultimate truth or falsity of the disputed identification in deciding personal jurisdiction.

Executed on 31 August, 2026, at Pasco, Washington.

Mitchell H. Snow
9315 Welsh Dr., Pasco, WA 99301
Telephone: 509-412-4498
Email: Justice4Nate@PM.ME

**CERTIFICATE OF SERVICE**

I certify that on 31 August, 2026, I submitted the foregoing through the Court's Pro Se Electronic Filing Portal. Upon docketing, CM/ECF will serve registered counsel; any party not served electronically will be served as required by Federal Rule of Civil Procedure 5.

Mitchell H. Snow