**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **BRIAN HARPOLE,**<br>Plaintiff,<br><br>v.<br><br>CANDACE OWENS,<br>CANDACE OWENS LLC,<br>GEORGETOM, INC., and<br>MITCHELL SNOW,<br>Defendants. | Civil Action No. 3:26-cv-00556<br>District Judge: Unassigned<br>Magistrate Judge: Unassigned<br><br>**JURY DEMAND** |

**DECLARATION OF MITCHELL H. SNOW IN SUPPORT OF TPPA MOTION**

I, Mitchell H. Snow, declare under 28 U.S.C. § 1746 as follows:

1. I am a Defendant in this action. I have personal knowledge of the facts stated in this Declaration and could testify competently to them.
2. I submit this Declaration in support of my conditional motion under the Tennessee Public Participation Act. I do not waive my pending objection that this Court lacks personal jurisdiction over me.
3. I reside in Pasco, Washington. I participated in the December 18, 2025 Episode 282 interview remotely from Washington.
4. I did not select or control the episode's title, thumbnail, editing, advertising, publication, distribution, repetition, or monetization.
5. I was a participant in the Episode 282 conversation. The timestamped transcript excerpts filed at ECF No. 33-1 accurately reproduce the material portions of the recorded conversation identified in the TPPA Motion, including my statements and the surrounding statements by Candace Owens.

6. During the interview I expressly acknowledged that the person I observed could have been a look-alike and said, "maybe it's not him." When asked for a confidence estimate, I said "95" and then "95 to 99."

7. I did not state that Brian Harpole attended an assassination-planning meeting, knew Charlie Kirk would be killed, participated in planning or carrying out a killing, or participated in a cover-up. I stated during the interview that I "obviously didn't know what was going to happen the next 24 hours."

8. I did not agree with Candace Owens or anyone else to fabricate an account, falsely accuse Brian Harpole of a crime, or publish a statement I knew to be false.

9. My first contact with Candace Owens occurred after an audience member referred me to her and Ms. Owens contacted me. Ms. Owens later contacted me to request that I participate in Episode 282. I did not have a preexisting relationship with Ms. Owens or Mr. Harpole.

10. No fundraiser was negotiated with me as consideration for providing information or participating in the interview. The fundraiser was first proposed near the end of the recorded interview, after the substantive discussion described in the Complaint.

11. I did not receive proceeds from the fundraiser referenced in the Complaint.

12. After my portion of the interview ended, Ms. Owens continued the program. I did not participate in, adopt, or authorize statements she made after I left the conversation.

13. I was served with the summons and Complaint on July 20, 2026.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 7 Sept, 2026, at Pasco, Washington.

MITCHELL H. SNOW
9315 Welsh Dr.
Pasco, WA 99301
Telephone: 509-412-4498
Email: Justice4Nate@PM.ME

**CERTIFICATE OF SERVICE**

I certify that on 7 Sept, 2026, I submitted the foregoing through the Court's Pro Se Electronic Filing Portal. Upon docketing, CM/ECF will serve registered counsel through the Notice of Electronic Filing. Any person not served electronically will be served as required by Federal Rule of Civil Procedure 5 and the Local Rules of this Court.

MITCHELL H. SNOW