**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| BRIAN HARPOLE,<br><br>Plaintiff,<br><br>v.<br><br>CANDACE OWENS, *et al*.,<br><br>Defendants. | Case No. 3:26-cv-00556<br><br>District Judge: unassigned<br>Magistrate Judge: unassigned<br><br>JURY DEMAND |

**PLAINTIFF BRIAN HARPOLE'S RESPONSE IN OPPOSITION TO DEFENDANT MITCHELL SNOW'S SECOND MOTION TO DISMISS**

Plaintiff Brian Harpole submits his response in opposition to Defendant Mitchell Snow's Motion and Memorandum of Law for Dismissal Under the Tennessee Public Participation Act (ECF No. 41). The Court should summarily deny Snow's motion without reaching its evidentiary merits because this District has repeatedly held that the TPPA's special dismissal procedure conflicts with the Federal Rules of Civil Procedure and thus does not apply in federal court. Snow acknowledges that a TPPA motion is barred in federal proceedings under those decisions and identifies no intervening controlling authority holding otherwise. ECF No. 41 at 1, 12-13. The Court should also deny Snow's motion because it is a second pre-answer dismissal motion in violation of Fed. R. Civ. Pro. 12(g).

**BACKGROUND**

On August 10, 2026, Snow moved under Rules 12(b)(2) and 12(b)(6) to dismiss Counts IV and V of the Complaint. ECF Nos. 32 and 33. Snow challenged the Court's personal jurisdiction over him and argued that Mr. Harpole failed to plead that Snow's challenged statements had an actionable defamatory meaning, were made with the requisite fault, or caused actual injury, and

that there was a civil conspiracy between Snow and Defendant Owens. Snow supported the jurisdictional portion of his first motion to dismiss with a declaration. ECF No. 34. This was the one and only motion to dismiss that Snow is entitled to file under Rule 12(g).

Mr. Harpole filed his brief responding in opposition on August 24. ECF No. 37. Snow then filed a reply that included a supplemental declaration addressing assertions in Mr. Harpole's opposition. ECF No. 38. Though Snow's original motion to dismiss is now fully briefed, he filed a second motion to dismiss on September 7. ECF No. 41. Snow's second motion to dismiss seeks dismissal with prejudice of the same counts, together with another declaration from Snow and a proposed order. ECF Nos. 41, 41-1, and 42.

In this second motion, Snow contests the same issues Snow already raised in his first motion to dismiss regarding defamatory meaning, requisite fault, attributable injury, and conspiracy. ECF No. 41 at 5-12. Snow's second motion now asks the Court to dismiss the Complaint under the TPPA's evidence-based prima facie standard, award statutory costs and expenses, and stay merits discovery. *Id.* at 3, 8-14. Snow did not seek leave to supplement his first dismissal motion. Instead, he states that the new motion is conditional and intended to preserve a TPPA argument—an argument that Snow acknowledges this District has rejected and which he provides no excuse for failing to raise in his first motion to dismiss. *Id.* at 1, 12-13.

For the reasons below, the Court should summarily deny Snow's improper and unauthorized second motion to dismiss without reaching its evidentiary merits.


Case 3:26-cv-00556 Document 43 Filed 09/19/26 Page 2 of 7 PageID #: 878

## ARGUMENT

### I. The Court should deny Snow's second motion to dismiss because it is improperly raised and applies state-law procedures that have no role in this proceeding.

There are two independent reasons why Snow's second motion to dismiss should be denied out of hand. The first is that Snow's second motion to dismiss relies on the state-law procedures of the TPPA, which courts in this District have repeatedly held have no application in federal proceedings. The second is that Snow already filed a motion to dismiss that is now fully briefed and pending before the Court; Rule 12(g) prohibits defendants like Snow from taking multiple bites at the apple through successive pre-answer motions to dismiss, and Snow provides no reason why he failed to raise his TPPA arguments in his first motion.

For either of these reasons, the Court should deny Snow's second motion as unauthorized and improper as a threshold matter.

#### A. The TPPA's dismissal procedure does not apply in federal court.

Courts in this District have repeatedly held that the TPPA's special dismissal mechanism cannot be applied in federal proceedings because Federal Rules 8, 12, and 56 answer the same procedural questions as the TPPA and supply the controlling federal standards. *See Patriot Angels Consulting Corp. v. VFW of United States*, No. 3:24-cv-00087, 2026 U.S. Dist. LEXIS 45416, at *43 (M.D. Tenn. Mar. 5, 2026) (denying defendant's TPPA dismissal motion because "the dismissal procedure of the TPPA does not apply in federal court"); *Santoni v. Mueller*, No. 3:20-cv-00975, 2022 U.S. Dist. LEXIS 4336, at *33 (M.D. Tenn. Jan. 10, 2022) (same); *Hughes v. Malini Gupta*, 613 F. Supp. 3d 1054, 1058 (W.D. Tenn. 2022) (same); *see also Lampo Group, LLC v. Paffrath*, No. 3:18-cv-01402, 2019 WL 3305143, at *4 (M.D. Tenn. July 23, 2019) (denying defendant's dismissal motion under California's anti-SLAPP statute for the same reasons).

There is no ambiguity to these decisions, and they leave no gap by which a different result could apply to Snow's motion here. In the most recent such decision from this District, *Patriot Angels*, the court plainly stated that "the TPPA's dismissal provision will not apply in federal court" and denied the TPPA petition without reaching its substantive merits. No. 3:24-cv-00087, 2026 U.S. Dist. LEXIS 45416, at *43. The court rejected the same request Snow makes here of asking the Court to apply the TPPA's prima facie evidentiary standard at the pleading stage. *Id.* at *42–43.

Snow concedes that *Patriot Angels*, *Santoni*, and *Lampo* foreclose his requested procedure in this District, and he cites no intervening Supreme Court or Sixth Circuit decision that commands a different result, seeking instead to "preserve the issue." ECF No. 41 at 1, 12-13. "Preserving the issue" does not authorize the Court to grant Snow's requested relief in contradiction of the Federal Rules, and the Court must still deny his second motion to dismiss as improperly raised in contradiction of federal procedure, as well as decline his related requests for a discovery stay and statutory expenses.

**B. Fed. R. Civ. P. 12(g) prohibits Snow from filing a second motion to dismiss.**

The Court should also deny Snow's second motion to dismiss because it is prohibited under Rule 12(g)(2). This rule provides that, subject to the exceptions in Rule 12(h)(2) and (3), a party that makes an initial Rule 12 motion "must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). By barring serial pre-answer motions, "[t]his rule is intended to eliminate unnecessary delays at the pleading stage of a case by avoiding the piecemeal consideration of pretrial motions. *Mulberry Phosphates v. City of Toledo*, Case No. 96-3231, 1997 U.S. App.

LEXIS 23161, at *14-15 (6th Cir. Aug. 29, 1997) (citing *Rauch v. Day and Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978)).[1]

Snow filed his first Rule 12 motion on August 10. It makes no mention of the TPPA theory he raises in his second motion to dismiss. Snow has no excuse for his failure to do so: his TPPA argument arises from the original Complaint and was fully available to him when he filed his first motion to dismiss. To the extent that the TPPA's procedures apply—which, as explained above, this District has rejected on multiple occasions because they conflict with applicable Federal Rules—Snow was still well within the TPPA's sixty-day period for moving to dismiss when he filed his first motion, the deadline for which began to run when he was served on July 20. T.C.A. § 20-17-104(b); ECF No. 29. Despite this, Snow omitted the TPPA ground from his original motion to dismiss. His second motion now raises this ground in again seeking dismissal of Counts IV and V and repeats his prior arguments regarding lack of defamatory meaning, fault, injury, and conspiracy. *Compare* ECF No. 33 at 8-18 with ECF No. 41 at 5-12.

If, as Snow suggests, the Court approaches the motion as an attempt to apply the TPPA "through compatible federal procedures," ECF No. 41 at 13, then Rule 12(g)(2) bars it as an unauthorized second pre-answer dismissal motion. And to the extent that Snow's second motion to dismiss repeats the same arguments he already raised in his first motion to dismiss—e.g., lack of defamatory meaning, lack of fault or liability for Owens' statements, lack of conspiratorial

---

[1] *See Rauch*, 576 F.2d at 701 n.3 ("Simply stated, the objective of the rule is to eliminate unnecessary delay at the pleading stage. Subdivision (g) contemplates the presentation of an omnibus pre-answer motion in which defendant advances every available Rule 12 defense and objection he may have that is assertable by motion. He cannot delay the filing of a responsive pleading by interposing these defenses and objections in piecemeal fashion but must present them simultaneously. Any defense that is available at the time of the original motion but is not included, may not be the basis of a second pre-answer motion.").

agreement—it is an unauthorized second opening brief on a motion that the parties have already fully briefed.

None of Rule 12(h)(2)'s exceptions to Rule 12(g)'s bar on subsequent dismissal motions applies here. Rule 12(h) preserves a failure-to-state-a-claim defense so that it may be made in a permitted pleading, a Rule 12(c) motion after the pleadings close, or at trial. Fed. R. Civ. P. 12(h)(2); *Swart v. Pitcher*, NO. 92-2401, 1993 U.S. App. LEXIS 26632, at *7 (6th Cir. Oct. 8, 1993). Snow's second motion to dismiss is not a pleading, is not a motion for judgment on the pleadings, and is not raised at trial. It must be denied under Rule 12(g) accordingly.

**CONCLUSION**

For these reasons, Plaintiff Brian Harpole respectfully requests that the Court deny ECF No. 41 and Snow's related requests for a discovery stay and statutory expenses because the TPPA's special dismissal procedure does not apply in federal court. Alternatively, to the extent ECF No. 41 seeks dismissal through federal procedures, the Court should deny it under Rule 12(g)(2).

Respectfully submitted,

Matthew Seth Sarelson, Esq.
**SARELSON & SAJDERA, PLLC**
1601 Forum Place, Suite 202
West Palm Beach, Florida 33401
Tel: 305.773.1952
matt.sarelson@ssxlaw.com
Coral.sotomayor@ssxlaw.com

Jacob William Roth*
CONTARINO ROTH LLC
2255 Glades Road, Suite 324A
Boca Raton, FL 33431
Tel: 561.872.6508
jroth@contarinoroth.com

THE SWAFFORD LAW FIRM, PLLC
Tara L. Swafford, BPR # 17577
Elizabeth G. Hart, BPR # 30070
321 Billingsly Court, Suite 19
Franklin, TN 37067
Tel: (615) 599-8406
Fax: (615) 807-2355
tara@swaffordlawfirm.com
betsy@swaffordlawfirm.com

*Attorneys for Plaintiff Brian Harpole*
*Admitted pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2026, I filed the foregoing via CM/ECF, which will serve the document on all Defendants or their counsel via email.

*/s/ Matthew Seth Sarelson*
Matthew Seth Sarelson