IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIAN HARPOLE,<br><br>Plaintiff,<br><br>v.<br><br>CANDACE OWENS, et al.,<br><br>Defendants. | **Case No. 3:26-cv-00556**<br><br>District Judge: unassigned<br>Magistrate Judge: unassigned<br><br>**JURY DEMAND** |

**DEFENDANT MITCHELL H. SNOW'S REPLY IN SUPPORT OF HIS TENNESSEE PUBLIC PARTICIPATION ACT PETITION (ECF NO. 41)**

Defendant Mitchell H. Snow, appearing pro se, submits this reply. Plaintiff asks the Court to deny the TPPA petition "without reaching its evidentiary merits." ECF No. 43 at 1. That election does not prove bad faith and should not be called a merits concession. It does, however, leave unanswered Snow's showing under Tenn. Code Ann. § 20-17-105. The Court should first decide Snow's pending Rule 12(b)(2) motion. If it reaches ECF No. 41, Plaintiff's procedural objections do not justify a merits ruling in his favor; and if the Court reaches the TPPA framework, Plaintiff has not carried his statutory burden.

## I. PLAINTIFF'S FEDERAL-PROCEDURE AUTHORITIES ARE PERSUASIVE DISTRICT-COURT DECISIONS, NOT CONTROLLING APPELLATE PRECEDENT.

Plaintiff does cite authority, and Snow does not ask the Court to disregard it. *Patriot Angels Consulting Corp. v. Veterans of Foreign Wars*, No. 3:24-cv-00087, 2026 U.S. Dist. LEXIS 45416, at *43–46 (M.D. Tenn. Mar. 5, 2026), *Santoni v. Mueller*, No. 3:20-cv-00975, 2022 U.S. Dist. LEXIS 4336, at *32–34 (M.D. Tenn. Jan. 10, 2022), and *Hughes v. Malini Gupta*, 613 F. Supp. 3d 1054, 1058 (W.D. Tenn. 2021), declined to apply the TPPA dismissal mechanism in federal court; *Lampo Group, LLC v. Paffrath*, No. 3:18-cv-01402, 2019 WL

3305143, at *3–4 (M.D. Tenn. July 23, 2019), reached the same result under California law. Those cases warrant candid treatment, which ECF No. 41 provides.

But none is binding Sixth Circuit authority. A district-court decision is not binding even on another judge in the same district. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011). *Patriot Angels* expressly recognized that the Sixth Circuit has not decided the issue, that a significant national split exists, and that advocating federal application of a state anti-SLAPP law is not frivolous. 2026 U.S. Dist. LEXIS 45416, at *43–46. Compare *Godin v. Schencks*, 629 F.3d 79, 88–91 (1st Cir. 2010), and *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972–73 (9th Cir. 1999), with *Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328, 1333–37 (D.C. Cir. 2015), and *Klocke v. Watson*, 936 F.3d 240, 245–49 (5th Cir. 2019). Snow filed conditionally to preserve that unresolved question; he did not represent that federal applicability was settled.

## II. RULE 12(G) DOES NOT INDEPENDENTLY BAR A STATUTORY TPPA PETITION.

Rule 12(g)(2) bars "another motion under this rule" raising an available Rule 12 defense omitted from an earlier Rule 12 motion. Plaintiff's cases involved successive Rule 12 motions asserting omitted Rule 12 defenses. See *Rauch v. Day & Night Manufacturing Corp.*, 576 F.2d 697, 701–02 (6th Cir. 1978); *Swart v. Pitcher*, 9 F.3d 109 (Table), 1993 WL 406802, at *3 (6th Cir. Oct. 8, 1993). ECF No. 41 instead invokes Tenn. Code Ann. §§ 20-17-104 and -105 and seeks statutory protections—including a distinct burden, stay, and expense remedy—that Rule 12 does not supply. Its overlap with Snow's preserved defenses does not change its source.

The questions therefore remain separate. If the TPPA applies, ECF No. 41 is a statutory petition and Rule 12(g)'s phrase "under this rule" does not encompass it. If the TPPA conflicts with Rules 12 and 56, the Court may deny ECF No. 41 on the Erie ground identified in *Patriot*

*Angels*; recharacterizing the petition as a forbidden second Rule 12 motion adds nothing. In any event, Rule 12(h)(2) preserves failure-to-state-a-claim defenses for a responsive pleading, Rule 12(c), or trial. *English v. Dyke*, 23 F.3d 1086, 1090–91 (6th Cir. 1994). Thus, no ruling on ECF No. 41 should waive or diminish the fully briefed Rule 12(b)(2) and 12(b)(6) motion at ECF No. 32.

## III. IF THE COURT REACHES THE TPPA, PLAINTIFF SUPPLIED NO PRIMA-FACIE MERITS RESPONSE.

Once protected activity is shown, the responding party must establish a prima facie case for every essential element. Tenn. Code Ann. § 20-17-105(b). That requires "enough evidence to allow the jury to rule in his favor," not conclusions alone. *Charles v. McQueen*, 693 S.W.3d 262, 280–81 (Tenn. 2024). *Blythe v. Forsythe* applied that rule to affirm TPPA dismissal where a verified complaint supplied only vague, general, and conclusory assertions of business and reputational injury. No. M2023-01463-COA-R3-CV, 2025 WL 3095415, at *4, *7–11 (Tenn. Ct. App. Nov. 6, 2025). Plaintiff's response provides no opposing declaration or evidence and addresses none of the following defects.

**Meaning and falsity.** The recording states: "maybe it's not him"; raises a doppelganger possibility; gives a 95-to-99-percent estimate; includes Owens's statement that she could not confirm the identification; and records Snow saying he "didn't know what was going to happen the next 24 hours." ECF No. 33-1 at 55:32–56:57, 58:47–59:42, 1:03:25–1:03:57. Plaintiff supplies no evidence explaining how those words reasonably become Snow's alleged statement that Harpole attended a meeting "as part of a plot to assassinate Charlie Kirk." Compl. ¶ 152. Tennessee requires the actual publication to be read in context. *Revis v. McClean*, 31 S.W.3d 250, 253 (Tenn. Ct. App. 2000). An implication claim does not permit a materially stronger paraphrase, changed speaker, or added intermediate propositions. See *Masson v. New Yorker*

*Magazine, Inc.*, 501 U.S. 496, 516–17 (1991); *SmileDirectClub, Inc. v. NBCUniversal Media, LLC*, 708 S.W.3d 556, 570–77 (Tenn. Ct. App. 2024).

**Fault.** Labeling Snow's account "fabricated" is not evidence that he knew it was false, seriously doubted it, or negligently failed to ascertain the truth. See *Charles*, 693 S.W.3d at 281–83 (failure to investigate, without purposeful avoidance, does not establish actual malice). Whether Plaintiff is ultimately treated as private or limited-purpose public, § 20-17-105(b) requires evidence supporting the applicable Snow-specific fault standard. ECF No. 43 supplies none.

**Injury and causation.** Plaintiff identifies no lost client, contract, employment, revenue, or person whose opinion changed because of Snow. General allegations of impaired reputation, lost opportunities, and emotional distress do not meet the TPPA burden. *Blythe*, 2025 WL 3095415, at *8–11 (actual damage cannot be presumed; vague and conclusory assertions are insufficient). Plaintiff's refusal to address the merits leaves that element unsupported.

**Conspiracy.** Tennessee requires a common design, concerted action, an overt act, and injury; conspiracy also depends on an actionable underlying tort. *Trau-Med of America, Inc. v. Allstate Insurance Co.*, 71 S.W.3d 691, 703 (Tenn. 2002); *Watson's Carpet & Floor Coverings, Inc. v. McCormick*, 247 S.W.3d 169, 180 (Tenn. Ct. App. 2007). A call, interview, and later fundraiser do not themselves prove an agreement to publish the criminal accusation Plaintiff constructed. ECF No. 43 offers no evidence of such an agreement.

**CONCLUSION**

The Court should first grant Snow's pending Rule 12(b)(2) motion. Alternatively, if the Court follows *Patriot Angels*, it should deny ECF No. 41 solely on that Erie ground, without treating Plaintiff's merits as established and without affecting ECF No. 32. If the Court reaches

Tenn. Code Ann. § 20-17-105, it should grant the petition because Plaintiff did not establish a prima facie case for each essential element, and award the relief requested in ECF No. 41.

Respectfully submitted,
Date: 27 September, 2026

**MITCHELL H. SNOW**
Defendant, Pro Se
9315 Welsh Dr.
Pasco, WA 99301
Telephone: 509-412-4498
Email: Justice4Nate@PM.ME

**CERTIFICATE OF SERVICE**

I certify that on 28 September, 2026, I submitted the foregoing through the Court's Pro Se Electronic Filing Portal. Upon docketing, the Notice of Electronic Filing generated by CM/ECF constitutes service upon registered Electronic Filing Users pursuant to M.D. Tenn. L.R. 5.02 and Federal Rule of Civil Procedure 5. Any party not served electronically will be served as required by Rule 5 and the Local Rules.

Date: 28 September, 2026

**MITCHELL H. SNOW**