**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION**

| | | |
|---|---|---|
| **BRIAN HARPOLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:26-cv-00556** |
| | ) | |
| **CANDACE OWENS, et al.,** | ) | **JUDGE CAMPBELL** |
| | ) | |
| **Defendants.** | ) | |

# ORDER

Pending before the Court is Defendants Candace Owens, Candace Owens LLC, and GeorgeTom, Inc.'s (collectively the "Owens Defendants") motion (Doc. No. 31) filed under Rule 12(b)(6), (f) requesting that the Court dismiss and/or strike Plaintiff's claims against them.[1] Through the same filing, the Owens Defendants also urge the Court to dismiss this action and award them fees under a Tennessee's anti-SLAPP statute, the Tennessee Public Participation Act ("TPPA"), Tenn. Code Ann. §§ 20-17-101, *et seq*. Plaintiff filed a response in opposition, and the Owens Defendants filed a reply. (*See* Doc. Nos. 46, 49-1).

In support of their requested relief under Rule 12, the Owens Defendants advance arguments premised on a view of the facts in the light most favorable to themselves, which the Court cannot do at the pleading stage. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accepting Plaintiff's factual allegations as true and drawing all reasonable inferences in his favor, as the Court must at the pleading stage, the complaint

---

[1] The Owens Defendants attached several transcripts of certain podcast episodes and interviews as exhibits to the pending motion. (*See* Doc. Nos. 31-1 – 31-7). Because Plaintiff objects to the Court's consideration of these exhibits in resolving the motion, (*see* Doc. No. 46 at 5-6), the Court declines to consider them. *See In re Fair Fin. Co.*, 834 F.3d 651, 656 n.1 (6th Cir. 2016).

includes enough facts to clear the low bar of plausibility. *See id.* Accordingly, the motion (Doc. No. 31) is **DENIED** as to the relief requested under Rule 12.

And the Court is unpersuaded that the TPPA requires dismissal of the present case and an award of fees. Indeed, Defendants cite no caselaw where a federal court has adopted their position. In contrast, Plaintiff notes in his response that courts in this district have consistently rejected Defendants' position, finding instead that the burden-shifting framework established by the TPPA is procedural and in direct conflict with Federal Rules of Civil Procedure 8 and 12, which provide the criteria for assessing the sufficiency of a pleading. (*See* Doc. No. 46 at 6-7) (collecting cases). The undersigned has also previously considered this issue and concluded the same: "that the procedural mechanisms established by the TPPA do not apply in federal court" because of their direct conflict with Rules 8 and 12. *FemHealth USA, Inc. v. Williams*, 2023 WL 5498055, at *6 (M.D. Tenn. Aug. 23, 2023); *see also Doe v. Bucciarelli*, 2025 WL 1479719, at *7 (M.D. Tenn. May 22, 2025) (Trauger, J.) ("Although the Sixth Circuit has not weighed in on this question, virtually every federal district court in Tennessee has held that the procedural mechanisms of the TPPA conflict with the procedures established in the Federal Rules of Civil Procedure governing dismissal of cases and are, therefore not available in federal court."). Accordingly, the Court concludes again for the same reason that the TPPA's procedural mechanisms do not apply in federal court.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE